UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MINNA TAO, et al.,

    Plaintiffs,

    v.

DEBBY WU, et al.,

    Defendants.

_____/

No. C 11-3248 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

    Defendant's motion to dismiss came on for hearing on March 14, 2012 before this court. Plaintiffs Brandon and Erin Banks ("plaintiffs" or "the Banks") appeared through their counsel, Kirk Wolden, Michael Ram, and Ryan Lutz. Defendant Nissan North America, Inc. ("Nissan" or "defendant") appeared through its counsel, G. Charles Nierlich, and Rachel Flipse. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendant's motion in part and DENIES it in part, for the reasons stated at the hearing, and summarized as follows:

    1.    Plaintiffs' state law claims alleging breach of fiduciary duty and negligence are preempted, since plaintiffs' allegations sufficiently "relate to" an ERISA plan, such that preemption results. Plaintiffs have clearly alleged that they participated in the DCP II plan, that the DCP II plan was wrongfully designated as "exempt" from ERISA, and that they are seeking relief under ERISA for benefits due under the DCP II plan. See SAC, ¶¶ 29, 33-35. The general gravamen of plaintiffs' complaint is thus premised on treatment of the DCP II plan as an ERISA plan, and can be read to state that the plan required defendants to *comply* with certain ERISA regulations, and that defendants did not do so. In addition, the actual DCP II plan submitted by plaintiffs itself contains the following provision: "The Plan is

1  intended to be an unfunded deferred compensation plan for a select group of executives
2  and highly compensated employees within the meaning of ERISA sections 201(2),
3  301(a)(3) and 401(a)(1)." See Lee Decl., Ex. A at § 11.10. Accordingly, and in sum,
4  plaintiffs' state law claims "relate to" an ERISA plan, and the claims are thus preempted.
5  Defendants' motion to dismiss on this ground is GRANTED.

6  2. Defendants' motion to dismiss plaintiffs' first claim for relief alleging breach of
7  fiduciary duty under ERISA § 502(a), is without merit. Defendants contend that the DCP II
8  is a "top hat" plan and ERISA's fiduciary provisions do not apply to top hat plans. However,
9  plaintiffs have alleged to the contrary. They have alleged that the DCP II plan was "wrongly
10 designated" a top hat plan; that it was not a top hat plan because it was "not limited" to a
11 select group of management or highly compensated employees; and that it was not a top
12 hat plan because plaintiffs funded the plan by deferring their monthly salaries in advance.
13 See SAC, ¶¶ 35-36. The question of whether, in practice, the DCP II plan functioned as a
14 top hat plan – and therefor was, in fact a top hat plan – is fundamentally a factual one, and
15 it must be resolved with a proper factual and evidentiary record. See Credit Managers
16 Ass'n v. Kennesaw Life & Acc. Ins. Co., 809 F.2d 617, 625 (9th Cir.1987)("[T]he existence
17 of an ERISA plan is a question of fact, to be answered in the light of all the surrounding
18 circumstances from the point of view of a reasonable person"). Accordingly, defendants'
19 motion is DENIED.

20 3. Defendants' motion for dismissal of plaintiffs' second claim for relief seeking
21 recovery of benefits due under ERISA is GRANTED in part and DENIED in part. The
22 motion is GRANTED, to the extent defendants seek dismissal on grounds that defendants
23 cannot be held personally liable for plan benefits, and are not proper defendants. While
24 "potential defendants in actions brought under § 1132(a)(1)(B) should not be limited to
25 plans and plan administrators," proper defendants are limited to defendants with actual
26 responsibilities under ERISA that were purportedly breached. Cyr v. Reliance Standard
27 Life Ins. Co., 642 F.3d 1202, 1206 (9th Cir. 2011). And here, although plaintiffs have
28

alleged that each defendant was a member of the Plan Administration Committee (or the Compensation Committee), plaintiffs have alleged nothing about any actual and specific obligations and duties that were purportedly delegated to each defendant, and which each defendant breached. Similarly, defendants' motion is furthermore GRANTED to the extent that defendants contend that plaintiffs' complaint does not adequately set forth plausible allegations against each defendant, as understood by Twombly and Iqbal. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). Plaintiffs fail to allege that the defendants were fiduciaries of the DCP II, or to allege that defendants had any "insider" knowledge about the status of the Bank's financial health, such that plaintiffs' claims of breach of fiduciary duties are plausible. Leave to amend is granted with respect to the two foregoing grounds, so that plaintiffs may attempt to cure the deficiencies noted herein.

To the extent, however, that defendants move to dismiss plaintiffs' claim on grounds that plaintiffs have failed to exhaust administrative remedies, as required by the claim procedures stated in the DCP II; and on grounds that the underlying Plan was in fact administered in accordance with its terms, defendants' motion is DENIED.

4.      Finally, to the extent defendants seek to strike plaintiffs' request for a jury trial, defendants' motion is well-taken. The Ninth Circuit has ruled that ERISA actions are not tried to the jury. See Blau v. Del Monte Corp., 748 F.2d 1348 (9th Cir. 1984), abrogation on other grounds recognized by Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006); see also In re Vorpahl, 695 F.2d 318 (8th Cir. 1982).

**IT IS SO ORDERED.**

Dated: April 2, 2012

PHYLLIS J. HAMILTON
United States District Judge

3